IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN MALCOM BLAIR, | § | |
| # 55517-510, | § | |
| Movant, | § | |
| | § | CIVIL NO. 3:26-CV-1779-B |
| v. | § | (CRIMINAL NO. 3:23-CR-204-B-4) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Glenn Malcom Blair's amended *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Amended Motion"), received on September 2, 2026 (Doc. 4). After careful consideration of the relevant filings and applicable law, and for the reasons set forth below, the Court **DENIES** the Amended Motion and **DISMISSES WITH PREJUDICE** this action as barred by the statute of limitations.

## I. BACKGROUND

Blair challenges his federal conviction and sentence in Case No. 3:23-CR-204-B-4. The respondent is the United States of America.

After first being charged by complaint, Blair was charged in a multi-defendant indictment with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Crim. Docs. 1, 86. He pled guilty under a plea agreement to the conspiracy charge on December 12, 2023. *See* Crim. Docs. 164-65, 176. By judgment dated March 13, 2025, the Court sentenced him to 240 months' imprisonment, to be followed by four years of supervised release. *See* Crim. Doc. 345. Blair did not appeal his conviction

or sentence.

On March 16, 2026, the Court received Blair's motion for an extension of time to file a motion for a writ of habeas corpus under 28 U.S.C. § 2255. *See* Crim. Doc. 414; Case No. 3:26-CV-942-B, Doc. 1. The Court dismissed that motion for lack of jurisdiction on March 26, 2026. *See* Case No. 3:26-CV-942-B, Docs. 3-4. Approximately two months later, on May 27, 2026, a memorandum of law in support of a § 2255 motion was received from a third party on behalf of Blair, and this § 2255 action was opened as a result. *See* Doc. 2. The Court issued a Notice of Deficiency and Order advising Blair that the May 27 pleading was not filed on the appropriate form for a § 2255 action and that he did not sign the pleading as required by Federal Rule of Civil Procedure 11. *See* Doc. 3. The Court therefore directed Blair to file, within 30 days, a signed, amended § 2255 motion on the appropriate form setting forth all of his grounds for relief. *See id.* Because the May 27 filing, even if filed as a proper § 2255 motion, appeared to be barred by the one-year statute of limitations under 28 U.S.C. § 2255(f), the Court also directed Blair to file a response within 30 days explaining why this § 2255 action is not barred by the applicable statute of limitations. *See id.*

On September 2, 2026, Blair's Amended Motion, dated August 23, 2026, was received by the Court. *See* Doc. 4. In it, Blair asserts the following grounds for relief:

> (1) Counsel was deficient in failing to investigate, challenge drug quantity and methodology which constituted plain error;
>
> (2) Counsel was deficient for failing to object to leadership role enhancement;
>
> (3) Counsels rendered ineffective assistance during the plea process – the PSI internal contradiction and the fentanyl identification failure;
>
> (4) Counsels were ineffective by failing to challenge evidentiary issues via a Franks hearing and challenging the warrant affidavit;

(5) Counsels failed to challenge forfeiture;

(6) Undisclosed conflicts of interest by all counsels;

(7) Cronic presumed prejudice;

(8) Actual innocence gateway;

(9) Sentencing entrapment; and

(10) Eighth Amendment gross disproportionality.

*Id.* at 4-10 (capitalization altered).[1] Regarding timeliness, Blair argues that his Amended Motion is timely under 28 U.S.C. § 2255(f)(4) because he filed it "within one year of becoming aware of joint representation of Attorneys Quinton and Richard Pelley (discovered in the month of July 2026)" and based on the actual innocence exception to the statute of limitations. *Id.* at 12; *see also* Doc. 5 at 4.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Blair's conviction became final on March 27, 2025, when the 14-day period for appealing his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). Blair does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not identified any right newly recognized by the Supreme Court. *See* 28 U.S.C. §§ 2255(f)(2)-(3).

Regarding § 2255(f)(4), Blair argues that his Amended Motion is timely because he "raises Amended Grounds within one year of becoming aware of joint representation of Attorneys Quinton and Richard Pelley (discovered in the month of July 2026); where same joint representation was undisclosed to Movant and otherwise concealed by Quinton Pelley." Doc. 4 at 12; *see also* Doc. 5 at 4. The docket in Blair's underlying criminal case lists Quinton Pelley as lead counsel for Blair and Rick Pelley as an attorney to be noticed; Rick Pelley submitted a handful of filings for docketing in the criminal case—all of which were signed only by lead defense counsel Quinton Pelley—between July 2023 and January 2025.[2] *See* Crim. Docs. 139, 150, 164-65, 237, 272, 329. Moreover, Blair sent a letter dated July 10, 2025 to the Court requesting, among other documents, a copy of the docket

[2] According to the letter of representation signed by Quinton Pelley in the underlying criminal case, Quinton Pelley and Richard Pelley were attorneys at the same firm, Pelley Law Office, L.L.P., which had two offices. *See* Crim. Doc. 139.

sheet in his criminal case. *See* Crim. Doc. 391 at 1. On July 15, 2025, a copy of the docket sheet was sent to Blair. *See id.* at 3. Yet according to Blair, he did not discover Rick Pelley's involvement in his case until July 2026; even then, he delayed at least three additional weeks before filing the Amended Motion. *See* Doc. 4 at 12-13; Doc. 5 at 4, 28.

Blair provides no arguments or evidence showing that he exercised due diligence in discovering the fact of Rick Pelley's role in his criminal case to support his claims relating to same. On this record, the facts supporting Blair's grounds for relief, including those grounds premised on Rick Pelley's role in his criminal case, were known or could have become known through the exercise of due diligence prior to the date his conviction became final. Blair's Amended Motion therefore does not trigger a limitations date pursuant to § 2255(f)(4).

Because the date Blair's conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, March 27, 2025. A timely § 2255 motion under § 2255(f)(1) therefore must have been brought by March 27, 2026. Blair filed his Amended Motion on August 23, 2026, the date he signed the Amended Motion and stated that he placed it in the prison mailing system.[3] *See* Doc. 4 at 13. Because Blair filed the Amended Motion nearly five months after his limitations period expired, it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.[4]

**A. Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional

---

[3] "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

[4] Even if the Court assumed that the unsigned memorandum sent from a free-world address and received by the Court on May 27, 2026 could be construed as a properly filed § 2255 motion from Blair, that pleading was filed approximately two months after Blair's limitations period expired, and therefore is still untimely. *See* Doc. 2.

circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). It is not "intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

A habeas movant is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (citation and internal quotation marks omitted). The movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

In the memorandum in support of his Amended Motion, Blair appears to seek equitable tolling on the basis that "he has been required to access information from outside sources, to include his family members; all of whom are also laypersons of the law, which has proven a significant hindrance in discovering matters raised in this Amended Motion." Doc. 5 at 4. "[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to

equitably toll the AEDPA statute of limitations," however. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Nor is Blair's limited access to outside information due to his incarcerated status sufficient to warrant equitable tolling. *See Fisher*, 174 F.3d at 714.

Further, to the extent the Amended Motion can be liberally construed to seek equitable relief on the same grounds on which Blair argued application of § 2255(f)(4) to his statutory limitations period—namely, his alleged July 2026 discovery of Rick Pelley's role in his underlying criminal case—Blair has failed to show that he exercised reasonable diligence in pursuing his rights such that equitable tolling would be warranted. As the Court has discussed, Rick Pelley's identity on the docket and submission of Quinton Pelley's filings in the underlying criminal proceedings was evident since July 2023. *See* Crim. Doc. 139. Blair requested a copy of the docket sheet from the Court in July 2025, three months after he was convicted, and he did not file the Amended Motion until over a year later. *See* Crim. Doc. 391. He alleges no facts or information to show that he diligently pursued his rights between the time his conviction became final and when he filed the Amended Motion in which he first asserted allegations pertaining to Rick Pelley.

Blair's allegations accordingly fail to show that he exercised due diligence in pursuing his rights or the existence of any rare and exceptional circumstance preventing him from filing a timely § 2255 motion. He therefore has not carried his burden to establish circumstances meriting equitable tolling.

**B. Actual Innocence**

Blair contends that "New Ground Eight (Actual Innocence Gateway) super[s]edes [the] one-year statutory limitations set forth in 28 U.S.C. § 2255, meriting review of facts and newly presented Evidence which has impermissibly prejudiced Movant's constitutional rights." Doc. 4 at 12. Blair's

actual innocence claim is based on an "eight-point package" comprised of:

> [N]o lab confirmation of the only substance personally attributed to Movant, Movant's arrest outside both rooms, [a co-conspirator's] admission of the attributed violence, the government's own original PSI excluding Movant from the violent incident, the serial number mismatch, the rental invoice question, the peer-reviewed science on field test unreliability, and the undisclosed government informant to every purchase[.]

Doc. 5 at 21; *see also id.* at 19-20.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *Id.* at 386. A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable factfinder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *See id.* "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (quoting *McQuiggin*, 569 U.S. at 401 and citing *House v. Bell*, 547 U.S. 518, 538 (2006)). In the Fifth Circuit, "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the movant's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454,

465 (5th Cir. 2008)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Blair's gateway claim fails. Here, Blair bases his actual innocence claim primarily on information contained in the presentence investigation report ("PSR") prepared in the underlying criminal proceedings, a public press release regarding the location of Blair's arrest, and filings in the underlying criminal proceedings. *See* Doc. 5 at 20-21; Crim. Docs. 86, 206-1. This information and evidence on which Blair relies "'was always within the reach of his personal knowledge or reasonable investigation,'" and they do not constitute "new" evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence under *Schlup*. *Hancock*, 906 F.3d at 390.

As for Blair's reliance on alleged "January 2026 peer-reviewed scientific research (*Journal of Analytical Toxicology*, Oxford Academic) confirming field tests cannot distinguish fentanyl from 4-ANPP" to support his actual innocence claim, Blair has not provided such research or exculpatory scientific evidence showing that the fentanyl for which he was held responsible under the PSR was not fentanyl for purposes of sentencing. Doc. 5 at 20. Further, he provides no argument, much less "new evidence," disputing the nature of any of the other drugs attributed to him, which include heroin, methamphetamine, cocaine, cocaine base, marijuana, psilocybin mushrooms, and morphine. *See* Crim. Doc. 206-1 at ¶¶ 22-25, 38.

In addition, the allegations and evidence on which Blair relies to support his claim of actual innocence at best merely challenge the extent and sufficiency of the evidence involved in his offense and sentencing; they do not present evidence of actual innocence of the offense of conviction.

Accordingly, even if *McQuiggin* applies to guilty plea cases, Blair has failed to support his gateway claim of actual innocence with new evidence and has failed to show that it was more likely than not, in light of such new evidence, that no reasonable factfinder would have found him guilty beyond a reasonable doubt. He is not entitled to the actual-innocence exception to the applicable limitations period, and his Amended Motion is time-barred.

## III. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Blair's Amended Motion, received on September 2, 2026 (Doc. 4), and **DISMISSES WITH PREJUDICE** this action as barred by the statute of limitations.

**SO ORDERED** this 30th day of September, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE